IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, For the Use and Benefit of TINDALL CORPORATION, and TINDALL CORPORATION, § § § § § *Plaintiff,* § § v. § § SATTERFIELD & PONTIKES CONSTRUCTION, INC., and CONTINENTAL CASUALTY CO. and LIBERTY MUTUAL INSURANCE CO., § § § § § § *Defendants*. | Civil Action No.  SA-14-CV-33-XR |

## ORDER

On this date, the Court considered Defendants' motion to compel arbitration and stay the case.  Doc. No. 8.  After careful consideration, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This lawsuit arises out of a payment dispute on a contract to provide materials for a construction project at Lackland Air Force Base in San Antonio, Texas.  Defendant Satterfield & Pontikes Construction, Inc., (hereinafter "SPC") was the prime contractor on a project to build a dormitory at Lackland.   On December 19, 2011, SPC entered into a sub-contract with Plaintiff Tindall Corporation.  As a part of the agreement, Tindall agreed to provide pre-cast concrete panels for use in the construction project.   On May 10, 2012, Tindall submitted its design drawings to the U.S. Army Corps of Engineers (hereinafter "Owner") for approval.

1

The drawings allegedly indicated Tindall's plans to provide two-story concrete panels.  Doc. No. 1.  Tindall further claims that these designs were approved by the Owner.  *Id.*  Sometime thereafter, Tindall received notification that the two-story panels created a risk of collapse and was asked to provide one-story panels instead.  Tindall claims that it was never paid for this additional work.  On January 31, 2014, Tindall filed an original complaint in this Court asserting a claim under the Miller Act as well as supplemental state law contract claims.  Doc. No. 1.  On February 21, 2014, Defendants collectively filed their Answer and have moved to compel arbitration and stay the case.  Doc. No. 8.

## DISCUSSION

Section 4 of the Federal Arbitration Act ("FAA") requires courts to compel arbitration when the parties have entered into an enforceable arbitration agreement.  9 U.S.C. § 4; *see also Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (district courts lack discretion under FAA to decline to enforce valid arbitration agreements).  A motion to compel arbitration necessitates an inquiry as to whether the parties have agreed to arbitrate the dispute in question.  "This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."  *Tittle v. Enron Corp.*, 463 F.3d 410, 418-19 (5th Cir. 2006) (quoting *Webb v. Investacorp*, 89 F.3d 252, 258 (5th Cir. 1996)).  In conducting this analysis "the court should resolve all doubts … in favor of arbitration."  *Id.*  Finally, a court must ensure that there are no external legal constraints precluding arbitration*. Id.*

In this case, Tindall and SPC entered into a written arbitration agreement contained in § 13 of their sub-contract.  This section provides that, in the event of a dispute, the parties

"agree that the dispute shall be settled, at the sole election of the contractor (SPC), by litigation or arbitration … in accordance with the Construction Industry Arbitration (then applicable) rules of the American Arbitration Association." Doc. No. 8, Ex. A. Thus, the plain text of the sub-contract expressly gives SPC the right to compel arbitration against Tindall. Tindall does not contest this point and concedes that there is a binding arbitration agreement between it and SPC with respect to some of the asserted claims. Doc. No. 13. Tindall instead argues that Defendants Continental Casualty and Liberty Mutual Insurance (hereinafter, the "surety Defendants") cannot compel Tindall to arbitrate its claims against them since they were not signatories to the contract. *Id.*

Arbitration agreements are generally considered matters of contract law. *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000). Accordingly, courts are hesitant to apply arbitration agreements to non-signatories unless there is a clear reason to do so. *Westmoreland v. Sadoux*, 299 F.3d 462, 465 (5th Cir. 2002) (holding that arbitration agreements "must be in writing and signed by the part[ies]" and may apply to non-signatories only "in rare circumstances"). To be sure, there are instances where a non-signatory may enforce an arbitration agreement against a signatory. *See, e.g., Wood v. PennTex Res., L.P.*, 458 F. Supp. 2d 355, 362 (S.D. Tex. 2006) (grounds for enforcement of an arbitration clause by a non-signatory include: "a) incorporation by reference; (b) assumption; (c) agency; (d) veil piercing/alter ego; (e) estoppel; and (f) third-party beneficiary.")(internal citations omitted). In this case the Defendants have neither alleged nor demonstrated that any of these exceptions apply. As a result, the Court finds that Tindall's claims against the surety Defendants are not subject to the arbitration clause contained in its contract with SPC. *See U.S., for & on behalf*

*of Portland Const. Co. v. Weiss Pollution Control Corp.*, 532 F.2d 1009, 1012 (5th Cir. 1976) (declining to compel arbitration against non-signatory sureties in Miller Act case).

Next, the Court determines whether dispute in question between Tindall and SPC falls within the scope of the arbitration agreement. *Tittle*, 463 F.3d at 419. The arbitration clause stipulates that it applies to all claims except those involving the Owner or the contract documents. Doc. No. 8, Ex. A at § 13(e). Tindall concedes that some of its claims are arbitrable, while arguing that other claims against SPC relate to the duties of the Owner and the contract documents and therefore do not fall within the scope of the arbitration clause. Doc. No. 13. Specifically, Tindall asserts that counts one and four of its Complaint fall outside the scope of the agreement because they pertain only to Tindall's breach of contract claim. *Id.*

In this case, the Court need not decide which of Tindall's claims against SPC fall within the scope of the agreement. As a general rule, because arbitrators derive their authority from the arbitration clause itself, determining the scope of that clause (i.e. arbitrability) is a task for judicial determination. *Tittle*, 463 F.3d at 419 (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643 (1986)). At the same time, however, it is established that the parties have the power to determine by contract whether the court or the arbitrator decides arbitrability. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). On this issue, the Supreme Court has instructed courts not to assume that the parties agreed to arbitrate arbitrability "[u]nless the parties clearly and unmistakably provide otherwise." *AT&T Techs.*, 475 U.S. at 649. In the Fifth Circuit, adoption of the American Arbitration Association ("AAA") Rules "presents clear and unmistakable evidence that the parties agreed to arbitrate

arbitrability." *Petrofac, Inc. v. DynMcdermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012).   In this case, the parties have expressly indicated their mutual consent to apply AAA rules.  Doc. No. 8, Ex. A.  As a result, it appears that SPC and Tindall intended arbitrability to be decided by the arbitrator.

Furthermore, the parties have not alleged, and the Court has not located, any independent legal barriers to arbitration in this case.  Any claims between Tindall and SPC that are not within the scope of the arbitration agreement are appropriately stayed pending resolution of the arbitration proceeding.  9 U.S.C. § 3.  A more difficult question is whether Tindall's Miller Act claim against the surety Defendants should also be stayed during the arbitration proceeding.   Tindall has not indicated that they oppose such a stay.  In addition, it is within this Court's discretion to stay the case among non-arbitrating parties. *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 (1983) ("[i]n some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration.").  In this case, the surety Defendants liability to Tindall is contingent on SPC's liability for the change order work that is the basis of this lawsuit.  Since at least part of this liability will be determined in the arbitration proceeding, the claim against the surety Defendants is appropriately stayed in order to promote judicial economy and avoid the risk of conflicting judgments between this Court and the arbitrator.  *Harvey v. Joyce*, 199 F.3d 790, 796 (5th Cir. 2000) (finding that although non-signatory could not enforce arbitration agreement, they were entitled to stay where the claims asserted against them arose from the "same operative facts" as the claims being decided in arbitration.).

As a final matter, the Court agrees with Tindall that Defendants are not entitled to attorney's fees in conjunction with this motion.

## CONCLUSION

In light of the foregoing analysis, Defendants' motion to compel arbitration is GRANTED with respect to Tindall's claims against Defendant SPC. Defendant's motion is DENIED with respect to the claims against the surety Defendants, and any claims that the arbitrator decides do not fall within the scope of the arbitration agreement. The case is hereby STAYED pending the outcome of the arbitration. The parties are ORDERED to provide the Court with status updates every six months from the date of this order on the status of arbitration.

SIGNED this 3rd day of March, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE